1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN ANTHONY CLEMENS,

11          Petitioner,                      No. 2:08-cv-2588 KJN P

12      vs.

13   SISTO, Warden,

14          Respondent.                      ORDER

15   _____/

16          Petitioner is a state prisoner proceeding without counsel in this habeas corpus

17   action filed pursuant to 28 U.S.C. § 2254.  Both parties have filed a Consent to Proceed Before a

18   United States Magistrate Judge.  See 28 U.S.C. § 636(c).

19          On November 16, 2010, petitioner filed a "Petition for Writ of Mandate/

20   Prohibition," which seeks a temporary restraining order prohibiting officials at California State

21   Prison-Solano from transferring petitioner to a prison outside of California (likely Arizona or

22   Oklahoma) due to prison overcrowding in California.  Petitioner seeks to "stay" such transfer

23   pending resolution of the instant case on the ground that a transfer would deny him access to a

24   California law library and impair his ability to respond substantively and timely to this court's

25   orders.

26   ////

1  Legal Standards

2          A  temporary restraining order is an extraordinary and temporary "fix" that the

3  court may issue without notice to the adverse party if, in an affidavit or verified complaint, the

4  movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

5  movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).

6  The purpose of a temporary restraining order is to preserve the status quo pending a fuller

7  hearing.  See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).  It is

8  the practice of this district to construe a motion for temporary restraining order as a motion for

9  preliminary injunction.  See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal.

10  2010) ("[t]emporary restraining orders are governed by the same standard applicable to

11  preliminary injunctions") (citations and internal quotation marks omitted).

12          A preliminary injunction should not issue unless necessary to prevent threatened

13  injury that would impair the court's ability to grant effective relief in a pending action.  Fed. R.

14  Civ. P. 65; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984);

15  Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the

16  exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo

17  Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for

18  preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the

19  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

20  balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans,

21  Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def.

22  Council, Inc., 129 S. Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions

23  of confinement, any preliminary injunction "must be narrowly drawn, extend no further than

24  necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive

25  means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

26  ////

1    Discusssion

2           Petitioner fails to meet the criteria for issuance of a temporary restraining order.

3           As a threshold matter, convicted prisoners have no reasonable expectation that

4    they will remain in any particular facility, and prison officials have broad authority to transfer

5    prisoners from one facility to another.  Meachum v. Fano, 427 U.S. 215 (1976); Montanye v.

6    Haymes, 427 U.S. 236 (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by

7    his conviction that the state may generally confine or transfer him to any of its institutions,

8    indeed, even to a prison in another state, without offending the Constitution."  Bravo v.

9    Hewchuck, 2006 WL 3618023, *1 (N.D. Cal. 2006) (citations omitted).  As the Supreme Court

10   has stated:

11          Just as an inmate has no justifiable expectation that he will be incarcerated in any
            particular prison within a State, he has no justifiable expectation that he will be
12          incarcerated in any particular State.  Often, confinement in the inmate's home
            State will not be possible.  A person convicted of a federal crime in a State
13          without a federal correctional facility usually will serve his sentence in another
            State.  Overcrowding and the need to separate particular prisoners may necessitate
14          interstate transfers.  For any number of reasons, a State may lack prison facilities
            capable of providing appropriate correctional programs for all offenders.
15

16   Olim v. Wakinekona, 461 U.S. 238, 245-246 (1983) (interstate prison transfer does not, standing

17   alone, implicate Due Process Clause).

18          Petitioner herein asserts that an interstate transfer will impair his constitutionally

19   recognized right of access to the courts.  However, while "prisoners have a constitutional right of

20   access to the courts," Bounds v. Smith, 430 U.S. 817, 821 (1977), anticipated inadequacy of

21   another state's law library will not support a claim that this right has or will be denied, Lewis v.

22   Casey, 518 U.S. 343, 351 (1996).  "[A] number of local prison systems either provide access to

23   foreign state casebooks or engage in an interlibrary loan system that provides a plethora of

24   material outside of the immediate library compilation.  See McElyea v. Babbitt, 833 F.2d 196,

25   199 (9th Cir. 1987) (noting that inmates in the Arizona State Prison may request a variety of

26   books through prison's interlibrary loan services). . . ."  Chen v. Tilton, 2007 WL 2695299, *2

1   (E.D. Cal. 2007).  "Moreover, states which transfer prisoners to out-of-state facilities will

2   generally assume the obligation to supply that prisoner with the basic legal assistance and

3   materials relevant to the law of the transferring state."  Id. at *3 (citation omitted).

4              Petitioner's contentions are, at this time, no more than theoretical.  Thus,

5   petitioner has failed to demonstrate that he is likely to suffer irreparable harm in the absence of

6   preliminary relief, or even that he would likely succeed on the merits of his claim should he in

7   fact be transferred.

8   <u>Conclusion</u>

9              For the foregoing reasons, IT IS HEREBY ORDERED that petitioner's motion for

10   a  temporary restraining order, framed as a "Petition for Writ of Mandate/Prohibition" (Dkt. No.

11   35), is denied.

12   DATED: November 22, 2010.

13

14

15   _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

16   clem2588.tro.am

17

18

19

20

21

22

23

24

25

26

4