IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN ANTHONY CLEMENS,

    Petitioner,               No. 2:08-cv-2588 KJN P

    vs.

SISTO,

    Respondent.            <u>ORDER</u>

                            /

        Petitioner moves to proceed in forma pauperis in the Ninth Circuit Court of Appeals, pursuant to petitioner's appeal of this court's March 30, 2011 denial of his petition for writ of habeas corpus.[1] Petitioner, who proceeded in forma pauperis before this court, filed his notice of appeal on May 2, 2011.

        The Ninth Circuit's Federal Rule of Appellate Procedure 24(a)(3)(A), provides in pertinent part that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis

---

[1] Both parties consented to the jurisdiction of the magistrate judge for all purposes, pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). (Dkt. Nos. 10, 14, 15.)

1

1  and, states in writing its reasons for the certification or finding . . . ." See also 28 U.S.C. §
2  1915(a)(3) ("[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing
3  that it is not taken in good faith").

4        The court finds no reason to revoke petitioner's in forma pauperis status.  While
5  this court denied petitioner a certificate of appealability as to the issues presented in his petition
6  for writ of habeas corpus, that decision was premised on the court's finding that petitioner had
7  not made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), that
8  is, that "jurists of reason could [not] disagree with the district court's resolution of [petitioner's]
9  constitutional claims," Miller-el v. Cockrell, 537 U.S. 322, 327 (2003), citing Slack v McDaniel,
10 529 U.S. 473, 484 (2000).  However, this assessment does not imply that petitioner's appeal
11 lacks good faith.  "[T]he standard governing the issuance of a certificate of appealability is not
12 the same as the standard for determining whether an appeal is in good faith.  It is more
13 demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

14       The court finds that petitioner's appeal is neither frivolous, see Coppedge v.
15 United States, 369 U.S. 438, 445 (1962) (an appeal of a nonfrivolous issue is assumed to be
16 made in good faith), nor unreasonable, see Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000)
17 ("to determine that an appeal is in good faith, a court need only find that a reasonable person
18 could suppose that the appeal has some merit").  Therefore, there is no showing that petitioner's
19 appeal is not taken in good faith.  See Fed. R. App. Proc. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3).
20 Nor is there any other basis for concluding that petitioner is not entitled to continue proceeding in
21 forma pauperis.  Fed. R. App. Proc. 24(a)(3)(A).

22       Accordingly, petitioner's motion to proceed in forma pauperis pursuant to his
23 appeal of this action is hereby granted.

24 DATED:  June 29, 2011

25       _____
      KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

26 clem2588.ifp.app